**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MAHONEY, on behalf of himself and all others similarly situated<br>　　　v.<br><br>CHRISTMAS CITY HOTEL, L.L.C. | CIVIL ACTION<br><br>NO.  2:19-cv-00547-KSM |

**JOINT RULE 26(f) REPORT**

Following a fulsome discussion, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

**I.     Counsel**

　　A.  Lead counsel for Plaintiff(s):     David S. Glanzberg

　　B.  Lead counsel for Defendant(s):   Tamara S. Grimm

　　C.  Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

　　David S. Glanzberg
　　Glanzberg Tobia & Associates PC
　　123 S. Broad Street Suite 1640
　　Philadelphia, PA 19109
　　Tel: 215-981-5400
　　Email: Dglanzberg@aol.com

　　D.  Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

　　Tamara S. Grimm
　　O'Hagan Meyer LLP
　　100 N 18th St #700
　　Philadelphia, PA 19103
　　Tel: 267-386-4365

　　Email:    TGrimm@ohaganlaw.com

## II.     Description of Claims and Defenses

**Plaintiff:** This lawsuit concerns whether Defendants are violating Title III of the Americans with Disabilities Act by not making their website equally accessible to the visually impaired. Defendant owns and operates the website *www.hotelbethlehem.com* (its "Website"). Its Website is a gateway to and heavily integrated with its physical locations. For example, the Website provides information on hotel locations and operation hours; it also allows consumers to learn about the services offered.

Plaintiff Mahoney is legally blind and cannot use a computer without the assistance of screen-reading software. Defendant's website is not accessible by screen-reading software. Because of this, during Plaintiff's last visit to the Website, he encountered multiple barriers that denied him access to the website and therefore impeded his access to it as well as the Defendant's physical locations. He could not, for example, learn where the hotels are located or its hours of operation, thereby deterring him from visiting the physical locations.

In the Complaint, Plaintiff Mahoney asserts Defendants' physical location and its website are "place[s] of public accommodation." Further, the website is also a "service of those physical places of public accommodation" under the ADA. He further asserts Defendant is violating the ADA by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment to the goods and services offered through its Website.

**Defendant:**   At all times it is Defendant's position that the hotel location and operation hours could be found using a screen reader.  It is also Defendant's position that any issues, if any have been remedied with the website and the claims made in the Complaint are moot.

**Anticipated Scope of Discovery**

    A. Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.

Discovery will be sought regarding the accessibility of Defendant's website to visually impaired individuals, and any modifications made to the website to make it accessible to the visually impaired. Discovery will also be sought regarding Plaintiff's disability and his alleged attempts to access Defendant's website.

    B. Anticipated number of interrogatories per Party: 25

    C. Anticipated number of depositions per Party: 2

    D. n/a

    E. n/a

    F. Plaintiff anticipates using experts in ADA compliance

### III. Status of Discovery

The Parties must summarize the status of discovery to-date. If nothing has been done in terms of discovery, the Parties should explain why. In general, the Court prefers the parties to begin discovery prior to the Rule 16 conference.

Plaintiff has sent the website accessibility reports to Defendant.

### IV. Proposed Case Management Deadlines

    A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference): 5/5/20

    B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): 6/5/20

    C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): 6/26/20

    D.  Deadline for rebuttal expert reports (if any):        7/10/20

    E.  Deadline to complete discovery:        10/2/20

    F.  If any Party seeks more than 120 days for fact discovery, explain why.

    G.  Deadline to file motion for summary judgment:        10/30/20

**V.**    **Deposition Scheduling**

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? ___ Yes _X No

If yes, what are those dates? _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

Defendant intends to take an in-person deposition with Plaintiff attaching a Rider requesting he bring his screen reader software to his deposition. Based on Covid-19, it is unknown when that deposition can safely take place.

**VI.**    **Electronic Discovery**

**Prior to the Rule 16 conference, the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery. The Parties should summarize their discussion on these issues here. The Court expects**

**counsel who attends the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.**

**In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, the Parties should submit the stipulation to the Court in advance of the Rule 16 conference. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.**

The Parties discussed disclosure and/or discovery of electronically stored information and will continue to meet and confer regarding the form in which such discovery should be produced.

## VII. Protective Orders and Confidentiality Agreements

The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Marston's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.

## VIII. Alternative Dispute Resolution

A. The parties have discussed settlement and are exploring the possibility of early settlement.

B. The parties are considering the possibility of Mediation and wish to do so at the close of discovery.

C. David S. Glanzberg and Tamara S. Grimm have the authority to discuss settlement.

## IX. Consent to Send Case to a Magistrate Judge

The parties do not consent to proceeding in front of a magistrate judge.

## X. Policies and Procedures

Judge Marston's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Marston will strike pleadings and other submissions that do not comply with her Policies and Procedures.

## XI. Other Matters

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

Date: April 29, 2020


__/S/David S. Glanzberg___          _/S/Tamara S. Grimm_
Counsel for Plaintiff                Counsel for Defendant